**NOT FOR PUBLICATION**

**FILED**

MARCH 31 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUMIT GHOSH, individually and on behalf of Investments USA, Inc., a Nevada corporation; et al., <br><br> Plaintiffs–Appellants, <br><br> v. <br><br> UNITI BANK, a California corporation <br><br> Defendant–Appellee. | No. 12-56219 <br><br> D.C. No. 2:10-cv-07412-DSF-AGR <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted February 14, 2014

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1

Pasadena, California

Before: PAEZ and NGUYEN, Circuit Judges, and MOTZ, Senior District Judge.[**]

Sumit Ghosh ("Ghosh"), the sole shareholder of Plaintiff-Appellant Investments, USA, Inc. ("Investments"), challenges the district court's dismissal of his complaint alleging that Uniti Bank ("Uniti") violated both the Racketeering Influenced and Corrupt Organizations Act ("RICO") and 42 U.S.C. § 1982 by engaging in fraudulent lending practices that discriminated against Investments on the basis of Ghosh's Indian-American origin.

Anosuya Datta ("Datta"), who controls both Plaintiff-Appellant Citywide Funding ("Citywide") and Plaintiff-Appellant Sadarang American International PAC, Inc. ("Sadarang"), challenges the district court's grant of Uniti's motion for summary judgment on her claim that Uniti violated 42 U.S.C. § 1983. Datta alleged that Uniti acted under color of state law by summoning Los Angeles Police and Fire Department personnel to events at property owned by Uniti and leased by Sadarang, and by influencing the LAFD's subsequent decision to stop issuing permits for Sadarang's use of the leased space as a banquet hall.

---

[**] The Honorable J. Frederick Motz, Senior District Judge for the U.S. District Court for the District of Maryland, sitting by designation.

We have jurisdiction under 28 U.S.C. § 1291.  Reviewing de novo the district court's decisions, we affirm.  *See Skilstaf, Inc v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012) (reviewing de novo a district court's dismissal); *Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770, 776 (9th Cir. 2010) (reviewing de novo questions of law decided on summary judgment).

We first address Ghosh's claims.  A civil RICO plaintiff must allege a pattern of racketeering activity in order to state a claim under 18 U.S.C. § 1962.  *Sedima S.P.R.L. v. Imrex Co., Inc*, 473 U.S. 479, 481–82 (1985).  Ghosh and Investments, however, alleged only that Uniti engaged in fraudulent and predatory lending practices—acts that are not among the statutorily enumerated examples of racketeering activity provided by 18 U.S.C. § 1961(1)(B).  *See* 18 U.S.C. § 1961(1)(B).  Because the list of criminal acts in § 1961(1)(B) is exhaustive, the district court properly dismissed Ghosh's and Investments' complaint for failure to state a RICO claim upon which relief may be granted.[1]

Furthermore, because Ghosh was not a party to the loan agreement between Uniti Bank and Investments, he lacked standing to pursue a personal claim under 42 U.S.C. § 1982.  *See Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 479–80 (2006) (holding that the sole shareholder of a company lacked standing to state a

---

[1] At oral argument, Appellants appropriately abandoned their RICO claim.

3

personal § 1981 claim where the defendant allegedly breached its contract with the plaintiff's company because of racial animus toward the plaintiff). Investments' complaint, meanwhile, failed to allege any facts that support its contention that Uniti treated Investments differently than similarly-situated mortgagees on account of Ghosh's racial identity. *See, e.g. Daniels v. Dillard's, Inc.*, 373 F.3d 885, 887 (8th Cir. 2004) (observing that "disparate impact discrimination under sections 1981 and 1982 will not lie"); *see also Gen. Bldg. Contractors Ass'n, Inc. v. Penn*, 458 U.S. 375, 391 (1982) (noting that § 1981 can only be violated by purposeful discrimination); *Denny v. Hutchinson Sales Corp.*, 649 F.2d 816, 822 (10th Cir. 1981) (requiring a plaintiff to prove discriminatory purpose to state a § 1982 claim). For this reason, Investments did not establish a factual basis for its allegations of racial discrimination, and the district court appropriately dismissed its claim under 42 U.S.C. § 1982. *See Iqbal v. Ashcroft*, 556 U.S. 662, 678, 681 (2009).

Finally, Datta's § 1983 claim required her to show that Uniti both deprived her of a right secured by the Constitution, and acted under color of state law. 42 U.S.C. § 1983; *Collins v. Womancare*, 878 F.2d 1145, 1147 (9th Cir. 1989). Datta, however, failed to demonstrate "joint action" between Uniti representatives and members of the LAFD with respect to the LAFD's decision to stop issuing event

permits for the space Datta leased from Uniti. *See, e.g.*, *Collins*, 878 F.2d at 1154 (9th Cir. 1989) (applying the "joint action" test where plaintiff alleged that state action existed from government presence at a private enforcement action); *Howerton v. Gabica*, 708 F.2d 380, 383–84 (9th Cir. 1983) (same). Because Datta did not demonstrate a substantial degree of cooperative action between Uniti employees and government officials, she failed to establish that Uniti acted under color of state law when it summoned city personnel to the premises, or when Datta was subsequently denied permits from the city. *See Collins*, 878 F.2d at 1154 ("Joint action therefore requires a substantial degree of cooperative action."). For this reason, the district court's decision on summary judgment was appropriate with respect to Datta's claim under § 1983.

**AFFIRMED.**